Good morning, your honors. The case before us involves, we're here to discuss two issues. The first one deals with the statutory element of a section 7601 violation, that is the requirement the government approve there's a tax due and owing. The second one, there's a couple issues with respect to the sentencing and in particular the computation. The case before us involves this court's interpretation of the Boulware case that the court has addressed on several occasions over the past few years. In particular, what is the defense of return of capital? This case is slightly different than the Boulware case. Let me explain why. I think this is a key distinction. In the Boulware case, the case was originally tried under the Miller decision. Under the Miller decision, the return of capital defense was exactly that, it was a defense. All the government had to do was prove there was some type of income that the defendant received and then it was up to the defendant to prove a return of capital defense. This case is different. The reason it's different is the government's theory of an underpayment in this case, the tax due and owing, was specifically that constructive dividends were received. When the government determines that constructive dividends are received, it's our position the government must prove exactly that, dividends. Dividends are determined under 301 through 316 of the Internal Revenue Code. One of the elements that the government must prove is that there's sufficient earnings and profits to support dividend treatment. As this court stated in the second Boulware decision, earnings and profits are computational. It's an item that must be computed and under the Internal Revenue Code and the regulations under, earnings and profits must be determined for each tax year. In this case, while the government's theory of unreported income was true, there was no computational earnings and profits. Now what about the government's witness, Mr. Goldbach? Yes. Didn't he testify that there in effect were earnings and profits? She testified that there were earnings and profits, however, there was no schedule, there was no computation, there was not a single number. The government could not stand here and say for 2001 there's earnings and profits of this amount, or for 2002 there's earnings and profits. That's not necessary. Why isn't it sufficient to say there are earnings and profits in excess of the amount of what we're talking about? Because, again, earnings and profits is a computation, it's just a summary determination, it's not based on any amount. But I don't need to know that a given corporation had earnings and profits down to the penny if I know they had earnings and profits in excess of, I'll pick out a random number, a million dollars, and the amount that's being talked about in terms of the constructed dividends is something less than whatever big number I've picked out. Well, what you saw in this case, though, it was just a one-line statement, there's earnings and profits, so there's nothing in the record to support that whatsoever. If you have a summary witness, if you have an agent who's presenting computation after computation after computation in this case, she had computations of adjustments, she had computations of gross income, of gross receipts. Well, you could attack the question of whether there, in fact, were sufficient earnings and profits. I understand that argument. I don't understand arguments that says the government agent has to come out to a calculation that's precise. Well, I don't think it requires such precision. The jury isn't asked to say when they convict with regard to the failure to pay the taxes or failure to file an accurate return, they're not required to say, okay, you figure out what the return should have been. All they have to figure out is whether the defendant violated the law by not filing something that was accurate. Well, what happened is Dr. Locke would present an expert that showed there were no earnings and profits. Well, why? Just because somebody defends his position, but that's not the issue on sufficiency of evidence. The question is was there sufficient evidence for the jury to reach the conclusion that it did? And if you've got somebody that says there was more than enough profit there to have paid these, I don't understand what you're arguing. Well, the law requires, though, that you have to have it for each year. The government did not put on any evidence that said you had it for 2001, or for 2002, or for 2003, or for 2000. This business was awash in such cash, I'd be astonished if the jury came to any different conclusion. Why can't they rely upon what was offered up to them? Because it wasn't with respect to any, to protect you, that it is required in the Internal Revenue Code that the computation be on an annual basis. Well, how was that issue presented to the district court, and how was it resolved? With respect to the earnings and profits? On a yearly basis. Okay, on an annual basis. The way it was presented by my client was there was an expert, the only certified public accountant to testify, who went in and looked at the corporate returns for each year, looked at the adjustments, and actually prepared a schedule. I understand that, I apologize, I wasn't clear. How was your legal issue that the government's evidence was insufficient because it wasn't broken down, that the government said there were profits for each of the years, but it wasn't broken down by a mill? How was that per year? How was that legal issue presented to the district court? It wasn't, I believe on cross-examination, it was just that the government stated... There was never an insufficiency issue or argument raised to the district court? No, no. This is called plain error. It would be plain error. And the reason, Your Honor, is some of the earlier cases spoken, the Bok case that I discussed in the brief, specifically talked about whether it's an affirmative defense, and you have to bring it up, the defense had to bring it up, so I don't think it was necessarily subject to a motion at that point in time. However, what I am asking this court to do is when you look at it, given the earlier cases were tried under the Miller standard, what you have now is that for the first time, I think you have this as the government's argument of a tax due and owing, so I think it does present a unique legal argument in that respect, because all the other ones, it was just there's a distribution, and they leave it to the defendant to then discuss how it would be non-taxable. Well, Counselor, I'm looking at government's exhibit 41-4, three-page exhibit, and at the bottom of page 2, second line from the end, it says corrected taxable income. That's the earnings and profits, is it? No, it's not. All corrected taxable incomes. The earnings and profits is something completely different. There are adjustments to earnings and profits. The schedule you're looking at, and specifically, if you look at the third page, it says dividends. However, when you look at the testimony of Revenue Agent Goldbach, what that was is that's just what it is. It's a schedule of adjustments. It is not a computation of earnings and profits. On the earnings and profits, you're required to bring in additional depreciation. You have certain adjustments from the M-1 schedule of a corporate tax return. None of that is done on that schedule. And moreover, Your Honor, any of that done on the tax returns that were filed? Those adjustments, no, no, those are the additional adjustments. What requires the government to reach out and find adjustments or find deductions that the taxpayer itself did not claim when they made the filing? Well, the adjustments. We presented those at trial. There were several adjustments to depreciation. There was a fire loss. There was the acquisition of the business. You're criticizing what the It should have gone off and found some deductions that the government, that the taxpayer hadn't claimed in the return. I'm asking, isn't the government allowed to take the return as filed and apply whatever deductions that the taxpayer applied? Well, the problem is that we're taking a corporate tax return and we have an individual taxpayer. And the separate entity doctrine that the Supreme Court has talked about said you cannot just merely attribute corporate tax items to an individual taxpayer without establishing earnings and profits. So what the government has done there, it has simply taken corporate deductions and disallowed them and said Dr. Lockwood should be taxable on that when that's a separate taxpayer. Now, what about Exhibit 41-5? There are a lot of adjustments being made there. Yes, Your Honor. If I may address both those exhibits, what the testimony showed, I think this is a very important part of the argument, is that what the government did is they treated in one case, they treated the income of the corporation, Dr. Lockwood, as though it was an S-corporation, a flow-through. And in the second exhibit, as though Dr. Lockwood's income was a sole proprietorship. So what the government has done there, it completely disregarded the corporate taxpayer as a Subchapter C corporation. It did not suggest it was a sham corporation. Yet, they computed Dr. Lockwood's income as though they were an S-corporation in the first instance and as a sole proprietorship in the second instance without following the law that applies to attribution or the payment of dividends from a C-corporation to an individual. But can't that be used for comparative purposes? It cannot be used. It's not a determinant, obviously, if you're a Subchapter S, you can't approach as if it were a 1040 Schedule C. But that's not what the government's saying here, is it? No, I think what the government's using that to say this is Dr. Lockwood's income to prove a tax due and owing, and you can't just make up something that doesn't exist. When you take a C-corporation and say, for this purpose it's an S-corporation, for this purpose it's a partnership, and for this purpose it's a sole proprietorship, that's wrong. Okay, I think the government should be permitted to respond. Yes, and I'm done for. Do you want to touch on your sentencing issue? Yes, I guess the most important part of sentencing would be that the tax loss, the court determined based on gross receipts of a corporation, and that's just improper, taking 20% of the I believe it was maybe net income, but it certainly does not allow you to compute it based on gross receipts. There's a reference to Section 61, but that's fairly addressed inside my reply brief, and I don't want to take any more time for that. Okay, thank you. Thank you. We'll hear from the government. Thank you. May it please the court, Katie Bagley on behalf of the United States. This court should affirm the defendant's conviction and sentence. There was sufficient evidence that the defendant's corporation had earnings and profits, sufficient that the money that he diverted from his corporation in various ways. What does the government rely on for that proposition? The proposition that there was sufficient evidence. What is the evidence? The evidence in this case. Obviously, the issue that Mr. Gasway raises is that there was never any evidence that there was earnings and profits. There was a lot of talk about income and that sort of thing, but where is the government's evidence on E&P? The defendant's assertion that there was no evidence is false. The government's expert, Lynn Goldbach, who was qualified as an expert in accounting and tax computations, testified that she had reviewed the financial records, the accounting records, the bank records of the corporation. She had determined there were earnings and profits such that the money diverted from the corporation was taxable income to the defendant and calculated a tax deficiency. You know where she says that? I've got the transcript of her direct testimony. Where would I find that passage? She testifies to it throughout. In her direct testimony, Courts and Dedgents, she testifies to it at, I believe it's starting in the record at 103, 104 through 107 or 113 is the portion of her testimony, and she repeatedly refers to earnings and profits. I would particularly call the court's attention to page 105 of the record, where she states, she's asked the question, when you analyze the corporate books and records, did the corporation have earnings and profits for each year that you analyzed? Her response, yes, it would have. So contrary to the defendant's assertion that she did not draw any distinction between the years, she certainly did, and she testified that she had made those calculations. At that time, she made reference to Exhibit 41-5, and warning you that you are not speaking to somebody who's qualified as an expert in accounting, can you tell me where on 41-5 I'd find what she's referring to? On 41-5, she's looking at the, I believe the trial taxable income for the corporation, which is probably about 10 lines down above the bold line, where she had corrected the taxable income of the corporation. She had determined that contrary to the tax returns filed by the defendant, the corporation had quite substantial profit in every year. So she is equating the corrected trial taxable income to earnings and profits? Essentially, yes, which is what the defense expert does as well, quite explicitly. He says, earnings and profits, that is taxable income, and all his adjustments to the taxable income are what we might call adjustments to the calculation of the taxable income, as opposed to the statutory factors under 26 U.S.C. 312, which are the adjustments that are made to taxable income to account for things which are different, treated differently for tax purposes than for earnings and profits purposes. Now this chart is identified as being calculation of adjustments as of Schedule C, and no doubt you heard that. Correct. This wasn't a Schedule C, this wasn't being treated by the taxpayer as a Schedule C sole proprietorship, it was being treated as a subsector S corporation. What difference would that make? Your Honor, the expert witness actually testified to that. She stated that she understood the corporation to be a subchapter C corporation, and that she had calculated the taxes that the defendant would be responsible for if it were a subchapter C. She said that if that was the case, the defendant would owe an additional quarter million dollars in taxes. So while recognizing that the corporation was a corporation, she calculated a more conservative and more favorable tax computation for the defendant, which is consistent with what she did throughout the trial. And so in this case, the defendant is actually complaining that the government gave him a benefit by calculating a lower tax loss than he would have chosen for himself. In fact, his accountant had testified that doing this as a subchapter C corporation was a poor move tax-wise because of the double taxation of corporate dividends. So the government did for him what he in some sense ought to have done for himself had he been interested in filing accurate tax returns. So in this case, in terms of sentencing as well, the defense is simply wrong to say that the government just ignored the corporate form. The government expert made a decision to ignore the corporate form only for tax purposes because it was more favorable to the defendant and was therefore a more conservative estimate of his tax deficiency. I believe at the end the defendant also made an assertion that for calculating the tax loss for sentencing in the subsequent years, that is years 2004 through 2007, the government erred in calculating the tax loss based on 20 percent of the gross deposits into the corporate bank account. And he claims the government chose the highest number available. The government chose the only number available. The defendant presented no evidence at all at sentencing of what his tax loss should have been for 2004 through 2007. He was asked by probation to provide financial information to the court. He did not. He was given a continuance in order to provide financial information to the court. He did not. So the government did the best it could with the very limited information it had available. The defendant had his corporate books and records and could have presented evidence of deductions, of operating expenses, but he chose not to make that information available to the sentencing court or to the probation office. So in this case the government and the court recognized that it was simply doing the best it could with limited information. With respect to your statement earlier that the government chose the form of entity that would make the most beneficial result for the defendant, does the government make a habit of doing that? You say that that's the way they did it. I'm not very good at computing these tax liabilities and comparing what it would have been if it had been a subject for us. Is there some kind of policy we look to that says that the government ought to make this available? No, there is not a policy, and certainly we don't promise to do that in all cases. In this case I can say that the government's expert, this particular revenue agent, was extremely conservative. Did he say that he was being conservative? Yes. She repeatedly testified that when issues came up, for example, there were other unrelated issues, whether the defendant was entitled to deductions for a clinic car, for example. There was evidence at trial that there was no such thing, but she said because she couldn't be sure that 100 percent of those expenses were disallowed, she allowed all of them. And she was able to be cross-examined on all those assertions? Absolutely. In fact, she was able to be cross-examined twice. She was called as a rebuttal witness specifically to rebut the testimony of the defendant's CPA who testified. So I think in this case the defendant's objection on the issue of earnings and profits is fundamentally to the weight of the evidence. He wants the government to have an obligation to introduce a chart or a schedule, and there's simply no requirement that that happen. The standard for sufficiency of the evidence, as this court knows, is that there is any evidence from which a reasonable trial of fact could find for the government. In this case, both the judge made an explicit finding that Agent Goldbach was an extremely credible witness. The jury was entitled to make that same finding, to credit her testimony, to reject the testimony of the defense expert, and to find a tax deficiency. If the court has any further questions on that issue, I'm happy to answer them. In general, in this case, I think the defendant's conviction and sentence were based on evidence. Certainly both the judge and the jury were allowed to rely upon it, and this court, rather than creating some new requirement, should affirm the defendant's conviction and sentence. Thank you. Thank you. Just a couple of points. First, the government just admitted that they ignored the corporate form. It was a C corporation, they said, paying dividends to an individual, and when you recognize the existence of a C corporation, you have to file a C corporation law. The government just admitted that they ignored it. File a what? If you are a Subchapter C corporation, there are certain sections of the Internal Revenue Code that deal with sole proprietorship, some with S corporations, some with Subchapter C corporations. They have different computation, different calculations, different instructions, different forms, different everything. And since Dr. Lockwood's corporation was a Subchapter C corporation, the government was required to file the law applicable to Subchapter C corporations, and it did not do that. When it computed income based as though it was a S corporation, or as though it was a sole proprietorship. You're asserting that it's a matter of law? Yes. Again, was that raised? Yes. I mean, it was raised continuously throughout. There were lots of questions to Reverend Agent Goldbach about, isn't it a C corporation? Yes, it is. But you treat it as a S corporation. There was a lot of testimony in that respect. And the next step asserted by the government is that treating it as a C corporation would not improve Dr. Lockwood's situation. I think that's wrong. The government has said repeatedly it gave Dr. Lockwood the best benefit. However, at page 22 of their brief, it said that Reverend Agent Goldbach determined that the most amount of money from 2004 through 2007 that went to Dr. Lockwood was roughly $850,000. However, it's sentencing. Where are you reading from? I believe my site. Let me see here. It's at page 22. I thought it was at page 22 of the government's brief. And it was properly sentenced? Yes, it was properly sentenced. But there's discussion inside my reply brief. I know the appropriate citations where Reverend Agent Goldbach said that the most amount of money that went to Dr. Lockwood from 2004 through 2007 was $847,000. Yet, it's sentencing. They attributed $1.5 million in gross receipts to Dr. Lockwood for those years. Well, they said they had nothing to compute it. So at one point in trial, Reverend Agent says there's $840,000 going in. For sentencing purposes, they're going to sentence him on $1.5 million in gross receipts. They did have information, and they weren't being nice to him. They used the highest number possible at all times. They used Subchapter S corporation status because it flows right through. You don't have to go through earnings and profits. There's a fundamental difference in computing what a taxpayer receives if it's a Subchapter S or a sole proprietorship versus what a taxpayer receives as a Special C. Counsel, did you offer the court your own computation of tax loss, which would have affected sentencing? Yes, yes. Where would I find that? It was the tax loss. It would have been in Mr. Happa's testimony. Richard Happa testified as to what the tax loss was, and he testified that he testified there's insufficient earnings and profits to have taxable income. If the jury doesn't believe that, and I've got to say I don't believe it either, what alternative calculation is there for the tax loss? I mean, it's one thing to deny there's any tax loss whatsoever, but if that's not believed, if the jury didn't believe it, at sentencing there's another opportunity. If that wasn't believed, what you would have to do, you can't based on gross receipts, the sentencing guideline says you have to look at Section 61 of the code and determine on taxable income. So my time's up, Your Honor. Are there any further questions? Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Southeast Alaska Conservation Council v. Alaska. Thank you, Your Honor. Yes.
judges: Schroeder, O'scannlain, Clifton